## McLaughlin    v.  McLaughlin

*Alexander, Clark, Mervine & Calderwood,* for exceptant.

*Harold S. Hampson,* for respondent.

FLICK, P. J., July 13, 1961.—Exception to the court's decree of April 26, 1961, opening, setting aside and vacating the decree granting an absolute divorce to libellant, has been filed by counsel for the administratrix of libellant's estate.

Hearing was held on June 22, 1961, at which time counsel for exceptant and counsel for respondent in the divorce action appeared and made oral argument to the court.

The argument on behalf of exceptant is as follows: Admitting that when libellant started his divorce action in January 1944, and while he prosecuted the same to a final decree, obtaining service on his wife by publication, he knew that she was living where they had their married home and where their five children were born, in Cuba, N. Y.; and admitting that libellant concealed this knowledge from his attorney and from the court, and the wife had no knowledge of the divorce action or decree, and admitting further that the decree was obtained on perjured testimony, nevertheless, the wife has no standing to attack the decree at this time inasmuch as she was lawfully served in the action by publication pursuant to The Divorce Law and the local rules of court, and such service is due process of law: Nixon v. Nixon, 329 Pa. 256, 266.

Counsel has cited no case in which the facts are the same as in the instant case. However, he argues that under The Divorce Law in force at the time that the divorce was granted but now superceded by the Penn-

sylvania Rules of Civil Procedure, libellant was under no duty to disclose the fact that he knew where his wife was living; that he was not required to state in his libel in divorce the ". . . last known residence and present whereabouts of the defendant or that plaintiff has no knowledge thereof," as he is now required to set forth in his complaint under rule 1126 (3) of the Rules of Civil Procedure; that The Divorce Law provided no means of serving the wife in Cuba, N. Y., as now provided by rule 1124 (a) (3), except by publication, and that, therefore, libellant's perjury, his false statement under oath that he did not know his wife's residence, is of no effect.

In support of his argument, counsel referred to the new three volume work by Freedman on The Law of Marriage and Divorce, section 718, etc., of this excellent treatise deals with opening and vacating divorce decrees. Section 724 discusses intrinsic and extrinsic fraud and states, page 1352:

"Intrinsic fraud is that which relates to a matter which is adjudicated by the judgment. Extrinsic fraud, on the other hand, relates to matters collateral to the judgment, by which, although the semblance of a trial may be preserved, its reality is destroyed. The general rule is that for intrinsic fraud a judgment cannot be attacked after the expiration of the term. It is the duty of litigants to come to trial, fully prepared to expose perjury. . . . Extrinsic fraud, not touching a matter determined at the trial, and indeed constituting a means of preventing a fair trial, is not concluded by the judgment nor by the non-discovery of the fraud within the term. The general rule, therefore, is that for extrinsic fraud, a judgment is subject to attack after the term."

The foregoing is, of course, admitted by counsel for exceptant. However, to support his contention that the divorce decree granted to libellant cannot now

be attacked, he called the court's attention to the following statement in Freedman, §724, page 1359.

"It is therefore clear that fraud on a matter adjudicated by the judgment, such as the cause for divorce, is intrinsic, and not ground for attack after the term, even though the suit is prosecuted by publication. Such service constitutes due process, and it would be strange to declare that a judgment which is constitutionally valid is as devoid of finality as one which results from a mere semblance of a trial. The decisions which have permitted attack after term time on judgments of divorce obtained *ex parte* and based upon perjured testimony must therefore be considered unsound."

This would seem to be good law, but the situation referred to is not that of the instant case. Here, libellant not only obtained his decree on perjured testimony as to his grounds for divorce, but he did something more. He voluntairly injected a further fraud into the case when he committed perjury as to his knowledge of his wife's residence. This is not a matter having to do with the cause for divorce. It is collateral to the issue adjudicated. It is extrinsic fraud.

It may well be that, under the law as it existed in 1944, if libellant had merely kept silent as to his wife's whereabouts, a decree granted on perjured testimony after service by publication and an ex parte hearing could not be vacated after expiration of the term. However, he was not silent. He chose to place upon the record his false statement that he did not know the present address of his wife, when, in fact, he knew it well. He must abide by the consequences of this perjury.

A substantial legal argument has been made for exceptant. It is logical and is based on the valid, if narrow, premise that service on a nonresident by publication, under The Divorce Law, was constitutional due process. This, however, is an equitable

proceeding: Mascuilli v. Mascuilli, 194 Pa. Superior Ct. 646, 649. It is a substitute for a bill in equity for the same purpose, and, as such, "It is an appeal to the conscience of the court and can be granted only on equitable consideration": Nixon v. Nixon, 329 Pa. 256, 265. The collateral fraud practiced by libellant in this case, upon his wife, upon his counsel and upon the court, was fully set forth in the 23-page opinion on which this court's decree was based. The facts necessary for opening and vacating the divorce decree of July 6, 1944, are clearly shown in the record.

The parties were married in 1916 in Cuba, N. Y., where they maintained their married home and where their five children were born. Libellant deserted his family in 1931 and was twice prosecuted for abandonment and support. Before, during and after the time when he was proceeding with his divorce action in Warren, Pa., libellant visited his family in Cuba, N. Y., about once a year, but he concealed from them any knowledge as to the divorce. At the ex parte hearing, respondent having been served by publication, libellant's testimony as to his wife's conduct was a tissue of lies. Although not required by law to state any information as to his wife's residence, he volunteered to the court the false statement that he did not know his wife's present address. A divorce decree was granted on this perjured testimony on July 6, 1944. In the opinion of the present judge, the facts testified to at the ex parte hearing, even had they been true, which they were not, do not establish grounds for a divorce.

Every equitable consideration favors the wife in this case. She took prompt action as soon as she learned of the divorce. Under all the facts, the result of libellant's fraud will not be upheld on the sole ground that The Divorce Law did not require him to give notice of his action other than by publication,

and that his perjured testimony that he did not know his wife's whereabouts can be ignored, because the law did not require him to state anything as to her residence. The inequitable results sought by such arguments as to legal requirements, is exactly what equity will prevent when all the facts demand equitable relief as they do in this case.

Wherefore, the exception must be dismissed, and the court makes the following:

### Order

And now, July 13, 1961, upon consideration of the entire record of this case, and for the reasons stated in the foregoing opinion, it is hereby ordered, adjudged and decreed that the exception to the court's final decree of April 26, 1961, filed on behalf of the administratrix of libellant's estate on May 16, 1961, is hereby denied and dismissed, and said decree shall be final as of the date of this order.

Costs of this proceeding are to be paid by the estate of Victor W. McLaughlin, deceased.